Filed 1/16/25  P. v. Preciado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAUL BRUCE PRECIADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B333601<br>(Super. Ct. No. KA054374)<br>(Los Angeles County) |

Saul Bruce Preciado appeals the trial court's order resentencing him pursuant to Penal Code section 1172.75.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background*

In 2002, appellant was convicted by jury of rape (§ 261, subd. (a)(2), count 1) and residential burglary with another person present (§ 459, count 2). The trial court sentenced appellant, pursuant to the "One Strike" law (§ 667.61, subd. (a)), to a term in state prison of 26 years-to-life, comprised as follows: 25 years-to-life for count 1, the upper term of six years for count 2, stayed (§ 654), plus one additional year for a prior prison term (§ 667.5, subd. (b)).

We affirmed appellant's conviction in an unpublished opinion. (*People v. Preciado* (June 24, 2003, B157627) [nonpub. opn.].)

In February 2023, appellant filed a motion seeking resentencing pursuant to section 1172.75. The prosecution filed an opposition and attached this court's prior opinion.

In August 2023, after conducting a hearing on the motion, the trial court resentenced appellant to 25 years-to-life for count 1 and imposed the midterm of four years for count 2, stayed (§ 654), but otherwise declined to reduce appellant's sentence. Although the trial court stated in its pronouncement that it was not striking the section 667.5, subdivision (b) prison prior, the record, including the minute order from the hearing and the Abstract of Judgment, reflects the trial court ordered the enhancement "stricken."

In August 2024, in response to appellate counsel's written request, the trial court issued an order Nunc Pro Tunc amending appellant's actual days of credit from 177 days to 7,994 days.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record

2

pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id*. at p. 232.)

In his supplemental brief, appellant makes a number of arguments directed at challenging the validity of his conviction and contends "this was an illegal charging and sentence." He also seeks a "full resentencing hearing" so the trial court "can consider exercising its discretion to strike the enhancement PC 667.61(o)."

To the extent appellant challenges his sentence on the grounds that it is "illegal," that argument is more appropriately brought, if at all, in a habeas corpus petition.[2]

Appellant's remaining contention is meritless. The trial court conducted a hearing on the section 1172.75 motion and resentenced him accordingly. He has thus received all that he is entitled to receive pursuant to section 1172.75.

*Disposition*

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        YEGAN, Acting P. J.

We concur:


        BALTODANO, J.


        CODY, J.

---

[2] We express no opinion on whether such a habeas petition would be timely or successful.

Juan Carlos Dominguez, Judge
Superior Court County of Los Angeles
_____
Sharon Fleming, under appointment by the Court of
Appeal, for Defendant and Appellant.
No appearance for Respondent.